THE BANK OF THE STATE OF MISSOURI, Defendant in Error, *v.* RICHARD E. SNELLING *et al.,* Plaintiffs in Error.

*Banks—Corporations—Illegal Banking.*—The repeal of the latter part of sec. 9, R. C. 1855, p. 288, by the act of March 23, 1863, (Sess. Acts 1863, p. 5,) did not affect any right vested in any person. In the absence of a special authority, the forfeiture of its franchise by a corporation cannot be taken advantage of collaterally, but only by a proceeding directly for that purpose.

*Error to Saline Circuit Court.*

*Douglass, Bryant,* and *Draffin,* for plaintiffs in error.

I. The answer of the plaintiffs in error was a good and sufficient bar to the right of defendant in error to recover.

(R. C. 1855, p. 288, § 4 & 9.) It was not necessary that the bank charter should have been declared forfeited upon a direct proceeding for that purpose. (North Mo. R.R. Co. v. Winkler, 33 Mo. 354.) The repealing act of March 23, 1863, of that portion of the act of 1855, should not affect the plea in bar of plaintiffs in error. The 9th section stands still in force. (See §§ 15 & 16, 2 R. C. 1855, p. 1025 ; State v. Matthews, 14 Mo. 133.)

The forfeiture incurred by the bank, under the 9th section of the act referred to, was an act done and committed—in fact, an offence which attached to the acts of said bank—and no subsequent act of legislation could cure its wrongs ; and the repealing act of March 23, 1863, cannot rescue the bank from the penalty incurred, while the saving clauses of the acts of 1855, referred to, stand in force. All legislation must be prospective and not retrospective.

*W. Adams* and *Hancock*, for respondent.

I. The charter of a bank is a franchise emanating from the supreme power of a State. It is in the nature of a contract between the government granting the charter and the corporators; and, therefore, whether the contract has been violated so as to forfeit the charter, is a question in which the government and bank are alone interested. This question cannot be raised in a collateral proceeding by the government itself, much less by an outsider; and the only remedy is a direct proceeding instituted by the government for that purpose, such as a *scire facias*, &c. (2 Kent, C. 261 ; Ang. & Ames on Corp. 664 ; State Bank v. Merchants' Bk., 10 Mo. 123.)

II. The 9th section of the act to prevent illegal banking (R. C. 1855, p. 288) was repealed before the institution of this suit. By that section a new remedy, unknown to the common law, was given, authorizing a defendant in a suit brought by a corporation to plead in bar a forfeiture of its charter. But this section was merely remedial, and the Legislature had the power and did repeal it. The appellants

had no vested right which has been affected by this repeal. They owed the debt and are bound to pay it, and it is immaterial to them whether they pay it to the corporation itself, or to the trustees for the benefit of the stockholders. The payment to a corporation during the existence of that section before a judgment of forfeiture, would have been an extinguishment of the debt, and the judgment of forfeiture would still leave the debt in full force to be enforced by trustees for the benefit of the stockholders. So the repeal of the 9th section has left the law as it was before its enactment. (3 Burr, 14, 56 ; 5 Cranch, 281 ; 1 N. H. 61 ; 4 Ala. 489 ; 3 How. U. S. 534 ; 13 How. U. S. 429.)

BATES, Judge, delivered the opinion of the court.

This is a suit upon a promissory note of the defendants, discounted and held by the bank. The defendants answered that "the plaintiff being a corporation created by the laws of Missouri, did, between the 11th day of July, 1862, and the 2d day of March, 1863, contrary to section 4 of the act of the General Assembly of the State of Missouri, entitled 'An act to prevent illegal banking and the circulation of depreciated paper currency within this State,' approved December 8, 1855, pass and receive within the limits of this State, certain paper currency promising the payment of money of less denomination than five dollars, &c., whereby the charter of the plaintiff became and is forfeited," &c.

On motion of the plaintiff, this answer was stricken out and judgment given for the plaintiff. Defendants bring the case to this court.

The suit was begun in August, 1863. The General Assembly by an act approved March 23, 1863, (Acts of 1863, p. 5,) repealed so much of the act to prevent illegal banking as authorized a defendant sued by a corporation to plead in bar of the suit a forfeiture of the charter under that act. The act, when in force, vested no rights in any person. It only granted the privilege to enforce a penalty, which privilege could be withdrawn at any time ; and the act having

been repealed before this suit was brought, the defendants have no right under it.

In the absence of a special authority by law to the defendant to plead such forfeiture in bar of an action, it is well settled that the forfeiture cannot be established or taken advantage of in a collateral proceeding, but that it can only be established in a proceeding instituted directly for that purpose.

Judgment affirmed. Judge Dryden concurs; Judge Bay absent.